■ BABETTE GRUENBERG, Appellant, v CLAUDIA M. MANN et al., Defendants, and VALERIE BARNES, Respondent. [747 NYS2d 211]

The action was properly dismissed as against Barnes for lack of evidence that Poznanski was her agent or employee and not an independent contractor. While Barnes was hired by the wedding host to videotape the wedding, she thereafter asked Poznanski to take her place because of her unavailability on the day of the wedding, and subsequently, several months before the wedding, the wedding host, Barnes and Poznanski had a meeting at which the three talked about how Poznanski would do the job. While the host paid Barnes by checks that Barnes endorsed over to Poznanski, there is no evidence that Barnes provided Poznanski with any equipment or instructions, or otherwise supervised or controlled the performance of his work at the wedding. Upon this record, no issues are raised as to whether Barnes exercised sufficient control over Poznanski such that he could be considered her agent or employee (*see Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 297-298).

Plaintiff's motion to renew was based on the newly prepared affidavit of the host stating that at her meeting with Barnes and Poznanski, Poznanski was not introduced to her as an independent contractor, and, because it was Barnes whom she had hired and the contract did not provide for subcontracting, she always assumed that Poznanski was Barnes's employee or assistant. Although the motion court stated that it was denying the motion to renew, it appears that it actually considered the host's new affidavit, but adhered to its original decision upon the ground that there was still no evidence of supervision or control. Even if it reasonably appeared to the host that Poznanski was Barnes's employee, there is no evidence that plaintiff relied on any statements made by Barnes regarding her relationship with Poznanski. Only the demonstrated fact of an employment relationship, not the appearance thereof to the host, can give rise to a cause of action on behalf of plaintiff. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.